**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 11 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50170 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02659-BEN |
| v. | |
| TANYA MARIE MORREO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted May 8, 2017[**]

Before:    REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Tanya Marie Morreo appeals from the district court's judgment and

challenges the 180-month sentence imposed following her guilty-plea conviction

for importation of methamphetamine, in violation of 21 U.S.C. §§ 952, 960.  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Morreo contends that the district court's mitigating role analysis was legally flawed and resulted in the erroneous denial of her request for a minor role adjustment under U.S.S.G. § 3B1.2. We review the district court's interpretation of the Guidelines de novo, and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). Contrary to Morreo's contention, the record demonstrates that the district court properly compared her to her co-participants in the offense and considered the factors enumerated in the Guideline and the totality of the circumstances to determine whether Morreo was "substantially less culpable than the average participant." *See* U.S.S.G. § 3B1.2 cmt. n.3(A), (C); *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016); *see also United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (district judges are presumed to know the law and need not "tick off" all of the sentencing factors). Moreover, in light of the circumstances of the offense, the district court did not abuse its discretion in concluding that Morreo was not a minor participant. *See Quintero-Leyva*, 823 F.3d at 523 (the court may consider factors other than those included in the commentary to the Guideline and may deny a reduction even if some of the factors support a contrary result).

**AFFIRMED.**

16-50170